NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—January, 1885.

RICHARDSON v. KIDDER.

*In the matter of the estate of* RICHARD H. BOWNE,
*deceased.*

*It seems,* that a surety, who has engaged himself for the whole of a debt,
cannot, by paying part of it, become entitled to stand in the creditor's
shoes, and cannot successfully prosecute his claim against his principal
until such creditor has been fully paid.

Where a creditor receives, from the estate of his debtor, dividends upon a
debt partly secured by the guaranty of a third person, such dividends
should not be appropriated exclusively to the *excess* of the debt, above
the sum guaranteed, but should be applied ratably to the whole in-
debtedness, thus relieving the surety from liability, to the extent of the
dividend on the part secured.

Decedent who, in his lifetime, was appointed guardian of K., then an in-
fant, and filed an official bond, in a penalty of $60,000, upon which R.
was a surety, died insolvent, and indebted to K. in a large amount.
The latter, having recovered a judgment for more than $70,000 against
decedent's executors, commenced an action against R. which was com-
promised, R. paying $33,000 and obtaining a release from further
liability. The appropriate dividend upon the whole amount of the
judgment having been paid into court, by the executors, out of the
insolvent estate, K. claimed the entire dividend, while R. contended
that he was entitled to a share thereof proportioned to his payment.—
*Held,* that the dividend must be divided between the claimants, in the
proportion of the paid to the unpaid portion of the judgment.

PETITION of William F. Kidder, a creditor of dece-
dent, for an order· directing payment of his claim.
The facts appear in the opinion.

ALEX. THAIN, *for petitioner.*

DE FORREST & WEEKS, *for executors.*

THE SURROGATE.—This decedent was, many years
since, appointed guardian of William F. Kidder, then

an infant, and, as such guardian, executed and filed with the Surrogate a bond in the sum of $60,000. Upon that bond Joseph Richardson was one of the sureties. Bowne died insolvent in 1881, being indebted to Kidder in a large amount. Kidder soon afterward recovered judgment against Bowne's executors for over $70,000, and then commenced an action against Richardson, the surety. During the pendency of that action, a settlement was effected, by which Richardson paid $33,000, and obtained a release from further liability. Kidder then applied to Bowne's executors for his *pro rata* share of the insolvent estate. The appropriate dividend upon the whole amount of the judgment (about $2,500) has been deposited with the Surrogate, for such person or persons as shall be found entitled thereto.

Richardson insists that, immediately upon his payment of the $33,000, he became a creditor, in that amount, of this decedent's estate, entitled, no less than Kidder, to a dividend. He insists, also, that Kidder's dividend should be calculated, not with reference to the entire amount of his judgment, but with reference, rather, to the amount of such judgment less $33,000; and that, as regards the dividend upon the sum of $33,000, he is himself entitled thereto. Kidder claims, on the other hand, that, as against Richardson, he should receive the entire amount now deposited with the Surrogate.

As a general rule, it is doubtless true that a surety, who has engaged himself for the whole of a debt, cannot, by paying part of it, become entitled to stand in the creditor's shoes, and cannot successfully prose-

cute his claim against his principal until such creditor has been fully paid. I have found many cases upholding that doctrine; but there is another doctrine, more applicable to the present situation, that seems to be no less firmly established. It has been repeatedly held that, if a creditor receive from the estate of his debtor dividends upon a debt *partly* secured by the guaranty of a third person, such dividends should not be exclusively appropriated to the *excess* of the debt above the sum guaranteed, but should be applied ratably to the total indebtedness, thus relieving the surety from liability, ·to the extent of the dividend on the part secured (Raikes v. Todd, 8 *Adol. & Ell.*, 846 ; Thornton v. McKewan, 1 *Hem. & M.*, 525; Midland Banking Co. v. Chambers, *L. R.*, 4 *Ch. App.*, 398).

Now, in the present case, Richardson, having been fully exonerated from liability for such part of his original obligation as he has not paid, stands, as it seems to me, as to the part he has paid, in precisely the same attitude that he would occupy if, from the very beginning, he had been under the partial obligation only. The decisions in Ewart v. Latta (4 *Macq.*, 983), Ex parte Hope (3 *Mont., D. & D.*, 720), and Midland Banking Co. v. Chambers (*supra*) are cited in opposition to this view. Those cases are clearly distinguishable from the case at bar. In· the first, the surety had not discharged himself from his liability by the partial payment, and in both the others the surety had, by agreement, relinquished to the creditor all claims to dividend.from his principal's estate.

Let a decree be entered in conformity with this opinion.